FILED
2017 Sep-28 AM 08:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MICHAEL LYNN MILLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOCIAL SECURITY ) <br> ADMINISTRATION, ) <br> COMMISSIONER, ) <br> ) <br> Defendant. ) | Case No.: 4:16-cv-01255-SGC |

## MEMORANDUM OPINION

The plaintiff, Michael Lynn Miller, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security Income. (Doc. 1). Mr. Miller timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 9). For the reasons that follow, the Commissioner's decision is due to be affirmed.

**I.  FACTS, FRAMEWORK, AND PROCEDURAL HISTORY**

Mr. Miller was forty-nine years old on the date of his application; he has a limited education. (*See* R. 27). In the past, Mr. Miller has worked as a construction laborer. (R. 239; *see* R. 61). Mr. Miller claimed he became disabled

on April 15, 2011, due to degenerative disc disease and depression. (*See* R. 238; Doc. 17 at 1).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, he or she is not disabled and the evaluation stops. *Id*. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without

further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled, and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Mr. Miller had not engaged in SGA since the application date. (R. 19). At step two, the ALJ found Mr. Miller suffered from the following severe impairments: polysubstance dependence, substance induced mood disorder, personality disorder NOS, major depression, and anxiety disorder. (*Id.*).

At step three, the ALJ found Mr. Miller did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments. (R. 20-22). Before proceeding to step four, the ALJ determined Mr.

3

Miller had the RFC to perform the full range of work at all exertional levels with the following non-exertional limitations: (1) occasional and non-intense interaction with coworkers; and (2) no interaction with the general public. (R. 22). The ALJ also determined Mr. Miller could: (1) understand, remember, and carry out simple instructions; (2) maintain attention and concentration for two hours at time; and (3) "adapt to routine and infrequent workplace changes and [] make simple work-related decisions." (*Id.*).

After concluding Mr. Miller had no past relevant work, the ALJ determined at step four that Mr. Miller was capable of performing jobs existing in significant numbers in the national economy. (R. 27). In reaching this conclusion, the ALJ relied on the testimony of a vocational expert ("VE"). (R. 27-28). The ALJ concluded his decision by finding Mr. Miller was not disabled. (R. 28).

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are

supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. DISCUSSION

While the disability application alleged both physical and mental impairments, the ALJ determined that only Mr. Miller's mental impairments were severe. On appeal, Mr. Miller does not challenge the ALJ's conclusions regarding his physical impairments; instead, he argues substantial evidence does not support the ALJ's determination that his mental impairments were not disabling. (Doc. 17 at 11-12). This argument hinges entirely on the ALJ's failure to consider Mr. Miller's testimony that his prescription to Seroquel had been replaced with Prozac approximately six (6) months prior to the hearing. (*Id.*). Mr. Miller contends this medication change undermines the ALJ's conclusion that Seroquel effectively treated his conditions. (*Id*. at 12). As explained below, Mr. Miller's argument fails.

The record reflects Mr. Miller's providers variously diagnosed him with depressive disorder NOS, anxiety disorder NOS, cannabis abuse, alcohol dependence, and personality disorder NOS, and considered possible diagnoses of benzodiazepine abuse, major depression, psychotic disorder NOS, and polysubstance abuse. (*E.g.* R. 557, 576, 682; *see* R. 24-25). While these ailments have caused Mr. Miller to experience extreme symptoms, including episodes of decompensation requiring hospitalization, the record also reflects that Mr. Miller responded well to medication, provided he was not using alcohol or other

6

intoxicating substances. (R. 26; *see, e.g.,* R. 679). Indeed, Mr. Miller's hospitalizations and periods of more extreme symptoms occurred when he ceased taking his prescribed medications,[1] used intoxicating substances,[2] or both.[3] Indeed, Mr. Miller testified that going off his medications caused him to "lose it" and "end up back in the hospital." (R. 43).

The ALJ's decision accurately recounts the foregoing facts. (R. 24-25). The ALJ concluded that Mr. Miller's "mental impairments, other than his polysubstance abuse/dependency, are controlled by his Seroquel medication, though he has a habit of ceasing his medication and/or abusing substances, which cause him to decompensate, as shown time and time again." (R. 26). This appeal correctly notes the ALJ's failure to discuss Mr. Miller's testimony that his psychiatrist discontinued Seroquel and prescribed Prozac approximately six (6) months prior to the hearing. (R. 42; *see* Doc. 17 at 11-12). However, Mr. Miller testified Prozac was even more effective than the Seroquel, noting he slept better when taking Prozac. (R. 43).

---

[1] Mr. Miller ceased taking his prescribed medications prior to his August 2010 hospitalization. (R. 527; *see* R. 24).

[2] Mr. Miller tested positive for benzodiazepines, marijuana, and/or opioids contemporaneously with his hospitalizations in January and June 2013. (R. 560, 589; *see* R. 24-25).

[3] Prior to his January 2014 hospitalization, Mr. Miller ceased taking his medications, admitted to alcohol use, and tested positive for benzodiazepines and marijuana. (R. 679-80; *see* R. 25).

On appeal, Mr. Miller contends the replacement of Seroquel with Prozac undermines the ALJ's conclusion that Seroquel effectively treated his mental impairments. (Doc. 17 at 12). As Mr. Miller would have it, "his Seroquel was discontinued as ineffective." (*Id.*). However, Mr. Miller's argument cites exclusively to his hearing testimony and does not cite any medical evidence to support his contention that Seroquel was ineffective. (*Id.* at 11-12). Additionally, the undersigned cannot locate any medical evidence in the record to support Mr. Miller's contention that Prozac was prescribed because Seroquel was ineffective.[4]

Accordingly, to the extent Mr. Miller claims the ALJ erred in concluding Seroquel effectively treated his mental impairments, the argument fails. The ALJ's conclusions regarding Seroquel's effectiveness is supported by substantial evidence;[5] Mr. Miller has not pointed to any medical evidence to the contrary. To the extent Mr. Miller may contend that remand is necessary to evaluate his disability status in light of the Prozac prescription, any remand would be futile; the only evidence of record is Mr. Miller's testimony that Prozac is even more effective than Seroquel.

---

[4] The medical record does not include any indication regarding why Seroquel was discontinued in favor of Prozac. Indeed, the only mention of Prozac in the medical evidence appears in a January 29, 2014 discharge summary from Walker Baptist Medical Center, in which the prescription is noted. (R. 678).

[5] This evidence includes medical records documenting Mr. Miller's positive statements regarding Seroquel's effectiveness. (R. 679 (noting Mr. Miller's statement that he "needs to be back on Seroquel" which he described as "a miracle drug."); R. 677 (reflecting Mr. Miller's statement that he "had done well on Seroquel"); *see* R. 24-25).

For all of the foregoing reasons, the ALJ's conclusion that Mr. Miller is not disabled is supported by substantial evidence.

## IV. CONCLUSION

Upon review of the administrative record and considering all of Mr. Miller's arguments, the court finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law. Accordingly, the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 28th day of September, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE